IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

VANCEL OMAR HAWKINS,                )
                                    )
            Petitioner,             )
                                    )
v.                                  )            Civil Action No. 1:16-06339
                                    )
B.J. JOHNSON, Warden, *et al.*,     )
                                    )
            Respondents.            )

PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Application for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) By Standing Order, this matter was referred to a United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined Petitioner's Section 2241 Application, the undersigned finds, and hereby respectfully recommends, that Petitioner's Application be dismissed.

FACT AND PROCEDURE

On July 14, 2016, Petitioner, acting *pro se* and incarcerated at FCI McDowell, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Memorandum in Support. (Document Nos. 1 and 2.)[1] Petitioner basically contends that the Bureau of Prisons ["BOP"] is acting contrary to the Second Chance Act of 2007 by not considering inmates for designation to Residential Reentry Center ["RRC"] placement for periods of time longer than six months. (Id.) Petitioner contends that notwithstanding Congress' amendment of 18 U.S.C. § 3624(c) under the

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Second Chance Act of 2007, the BOP has implemented a policy and practice of authorizing no inmate more than a 6-month RRC placement. (Id.) Referring to the a BOP Memorandum dated April 14, 2008, Petitioner contends that the BOP has established policies and procedures inconsistent with Congress' direction in enacting the Second Chance Act by creating a presumption that no inmate will be designated to more than six months in a RRC. (Id.) Petitioner, therefore, appears to claim that under BOP policies, the BOP will not consider and designate him for RRC placement for a period of time longer than six months when he is entitled to such consideration and designation for a period of time up to twelve months under Section 3624(c). (Id.) Petitioner contends that he is entitled to the full twelve months because he "satisfies all five criteria set forth in 18 U.S.C. § 3261(b)." (Id.) Further, Petitioner requests that the Court excuse him from exhausting his administrative remedies because requiring Petitioner to exhaust administrative remedies would result in irreparable harm. (Id.) Petitioner explains that if he is required to exhaust, Petitioner will lose the opportunity for the full 12 months in RRC confinement. (Id.) Therefore, Petitioner requests that the Court order the BOP to consider him from RRC placement on an individual basis as required by the Second Chance Act of 2007 and use twelve months as the basis for this consideration. (Id.)

By Order entered on July 19, 2016, the undersigned ordered that Respondents file an Answer to the allegations contained in the Petitioner's Application and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 6.) On August 24, 2016, Respondents filed their Response to the Order to Show Cause. (Document No. 10.) Respondents argue that Petitioner's Petition should be dismissed based on the following: (1) "Petitioner failed to exhaust his administrative remedies" (Id., pp. 2 – 3.); and (2) "The BOP has fulfilled its obligation to review Petitioner for RRC placement pursuant to the factors in 18 U.S.C. § 3621(b)" (Id., pp. 3 – 5.).

As Exhibits, Respondents attach the following: (1) The Declaration of Sharon Wahl (Id., pp. 8 – 9.); (2) A copy of the BOP's "Supervision Release Plan" regarding Petitioner (Id., p. 11.); (3) A copy of the "Institutional Referral for CCC Placement" regarding Petitioner (Id., p. 13.); and (4) A copy of Petitioner's "Administrative Remedy Generalized Retrieval" (Id., pp. 15 - 16.).

By Order and Notice entered on August 25, 2016, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document No. 11.) Petitioner, however, has failed to file a Reply.

## ANALYSIS

1. **Failure to Exhaust:**

Although 28 U.S.C. § 2241 does not contain a statutory exhaustion requirement, Courts consistently require prisoners to exhaust their administrative remedies prior to seeking *habeas* review under Section 2241. See McClung v. Shearin, 90 F. Appx. 444, 445 (4th Cir. 2004)(unpublished)(citing Carmona v. Bureau of Prisons, 243 F.3d 629, 634 (2nd Cir. 2001)); Pelissero v. Thompson, 170 F.3d 442, 445 (4th Cir. 1999); Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994). Exhaustion allows prison officials to develop a factual record and an opportunity to correct their own errors before being haled into Court. See Jones v. Bock, 549 U.S. 199, 204, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); McCarthy v. Madigan, 503 U.S. 140, 144-45, 112 S.Ct. 1081, 117 L.Ed.2d 291 (1992). The purpose of exhaustion, however, is frustrated "[w]hen an inmate attempts to exhaust an issue before the issue is ripe for review [because] the BOP is deprived of its opportunity to properly address the issue before being haled into court." Specter v. Director, 2010 WL 883733, * 4 (D.S.C. Mar. 5, 2010)(slip copy)(finding that petitioner failed to properly exhaust his claim for RRC placement because "no recommendation or decision had been made in his case yet and would not occur until 17 to 19 months prior to his anticipated

release date").

The BOP has established an Administrative Remedy Program, 28 C.F.R. § 542.10, *et seq.*, through which an inmate may seek formal review of issues or complaints relating to confinement. Depending upon at what level an inmate initiates it, the BOP's Administrative Remedy Program is a three-step or four-step grievance procedure. As a general matter, a federal inmate is required first to attempt to resolve his complaints informally by the submission of an "Inmate Request to Staff Member" form. 28 C.F.R. § 542.13. The inmate's request may be rejected if improper, and the inmate will then be advised of the proper administrative procedure. Id. Within 20 days after the circumstances occurred which are the subject of the inmate's complaints, the inmate must complete this first step and submit a formal "Administrative Remedy Request" on a BP-9 form to an institution staff member designated to receive such Requests, 28 C.F.R. § 542.14(a) and (c)(4), or under exceptional circumstances to the appropriate Regional Director. Id., § 542.14(d). The Warden of the institution and the Regional Director must respond to the inmate's Request within 20 and 30 days respectively. Id., § 542.18. If the inmate's Request was directed to the Warden of the institution and the Warden's response is unfavorable, the inmate may appeal within 20 days to the Regional Director on a BP-10. Id., § 542.15(a) and (b). If the Regional Director's response is unfavorable, the inmate may appeal to General Counsel on a BP-11 form within 30 days after the Regional Director signed the response. Id., § 542.15(a). General Counsel has 40 days to respond to the inmate's appeal. Id., § 542.18. The administrative process is exhausted when General Counsel issues a ruling on the inmate's final appeal. Id., § 542.15(a). The entire process takes about 120 days to complete. An inmate's submission may be rejected at any level for failure to comply with the administrative remedy requirements or if the submission is written in an obscene or abusive manner. Id., § 542.17(a). The inmate will be provided with notice of any defect and whether the defect is

correctable. Id., § 542.17(b). If a request or appeal is rejected and the inmate is not given an opportunity to correct the defect and resubmit, the inmate may appeal the rejection to the next appeal level. Id., § 542.17(c).

The undersigned finds that Petitioner failed to fully exhaust his administrative remedies prior to filing the instant action. In his Petition, Petitioner acknowledges that he failed to exhaust his administrative remedies. (Document No. 1, p. 3.) Petitioner, however, contends that he should be excused from exhausting his administrative remedies because requiring him to exhaust would result in "irreparable harm." (Id.) Petitioner explains that full exhaustion could result in Petitioner being within the twelve months timeframe before his release date. (Id.) It is well recognized that exhaustion may be excused under certain circumstances, such as by a showing of futility or irreparable injury. It is clear, however, that exhaustion should not be excused simply because an inmate believes that the length of the exhaustion process will prevent the inmate from receiving a full 12-month RRC placement. See Wright v. Warden, 2010 WL 1258181, * 1 (D.Md. Mar. 24, 2010)(slip copy)(finding that "[e]haustion of administrative remedies is not rendered futile simply because an inmate anticipates he will be unsuccessful in his administrative appeals before the 12-month pre-release mark"); also see Yannucci v. Stansberry, 2009 WL 2421546, * 3 (E.D.Va. Jul. 28, 2009)(slip copy)(finding that inmate's claim that "he ran out of time to complete the administrative exhaustion process prior to filing his petition is not a sufficient excuse for failing to exhaust his [RRC] claims"); and Garrison v. Stansberry, 2009 WL 1160115, * 3 (E.D.Va. Apr. 29, 2009)(slip copy)(explaining that granting review of RRC placement claims because of "time-sensitivity" would encourage the filing of similar petitions before the administrative remedy process has run its course, which would "both undermine the effectiveness of the administrative review process and burden the Court with superfluous claims"). Based on the foregoing, the undersigned finds that Petitioner is not excused from

exhausting his administrative remedies and his Petition should be dismissed.

2.     **Application of 18 U.S.C. §§ 3621(b) and 3624(c).**

Disregarding Petitioner's failure to exhaust administrative remedies, it is clear that his Petition must be dismissed because it is evident that the BOP considered how much time he should be designated to RRC placement on an individualized basis and considered Section 3621(b)'s five factors.

Pursuant to Title 18 U.S.C. § 3621, the BOP has authority to designate a prisoner's place of imprisonment. Section 3621(b) provides five factors to be considered by the BOP in determining a prisoner's placement:

(1) the resources of the facility contemplated;

(2) the nature and circumstances of the offense;

(3) the history and characteristics of the prisoner;

(4) any statement by the court that imposed the sentence -

> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or

> (B) recommending a type of penal or correctional facility as appropriate; and

(5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b). Title 18 U.S.C. § 3624(c) provides that a prisoner may be granted pre-release custody allowing a prisoner to serve a portion of his sentence in the community, such as home confinement, placement in a community correctional facility, or RRC. See 18 U.S.C. § 3624. Section 3624(c)(1) governs pre-release placements. As amend by the Second Chance Act of 2007, Section 3624(c) provides as follows:

**(1) In general.** - - The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

**(2) Home confinement authority.** - - The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.

The Second Chance Act required that the BOP issue new regulations designed to ensure that prerelease placements are "(A) conducted in a manner consistent with section 3621(b) of this title; (B) determined on an individual basis; and (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). In compliance with the above, the BOP adopted regulations set forth in 28 C.F.R. § 570.20 - .22. Section 520.21 provides that a prisoner's maximum allowable time in a RRC placement is 12 months. See 28 C.F.R. § 570.21. Section 520.21 further provides that a prisoner's maximum allowable time in home confinement is "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." Id. The regulations, however, do not set any minimum amount of time that a prisoner must spend at a RRC placement or home confinement. Section 520.22 requires the BOP to make pre-release community confinement decisions "on an individual basis" and to allow placement "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." See 28 C.F.R. § 570.22. Furthermore, the 12-month period is a statutory maximum and it is not mandatory that prisoners receive 12-months pre-release placement. See 18 U.S.C. § 3624(c); Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 251 (4th Cir. 2005)(stating that "the BOP may assign a prisoner to [a RRC placement] does not mean that it must").

Based upon a review of the record, the undersigned finds that Petitioner has appropriately been considered for pre-release placement pursuant to Section 3621(b). During the Program Review, the Unit Team reviewed Petitioner's progress and considered Petitioner's placement in an RRC and home confinement. Specifically, the Unit Team determined that 151 to 180 days RRC placement would satisfy Petitioner's release needs, and was of sufficient duration to provide the greatest likelihood of successful reintegration into the community.[2] (Document No. 10, pp. 11 and 13.) Section 3621(b) only requires that Petitioner receive an individualized assessment for pre-release placement using the factors set forth in the statute. See Syrek v. Phillips, 2008 WL 4335494 (N.D.W.Va. Sep. 17, 2008)(finding that "the BOP must consider the § 3621(b) statutory factors" and "cannot rely upon a categorical formula to determine the length of an inmate's CCC placement"); also see Specter v. Director Federal Bureau of Prisons, 2010 WL 883733, * 5 (D.S.C. Mar. 5, 2010)(slip copy)(stating that "[u]nder these new regulations, an inmate presents a valid claim only if he is denied individual consideration based on § 3621(b) factors"); Garrison v. Stansberry, 2009 WL 1160115, *5 (E.D.Va. April 29, 2009)(finding that "the Court lacks the authority to direct the BOP to consider specific characteristics for each prisoner who is reviewed for RRC placement; the Court is limited to asking whether the BOP used the five factors and cannot engage in a review of the substantive merits or thoroughness of the BOP's analysis"). Therefore, the undersigned finds that the BOP appropriately considered Petitioner for pre-release placement pursuant to Section 3621(b).[3]

---

[2] In considering the five factors, the Unit Team determined as follows: (1) "A RRC in his release area of Greensboro, North Carolina; (2) "His offense of Felon in Possession of a Firearm does not preclude him from RRC placement, and therefore he is eligible for RRC;" (3) "History and characteristics indicate he has a serious history of violence, but no history of escape;" (4) "No state, in the Judgment and Commitment Order, by the court regarding RRC placement;" and (5) "No pertinent policy by Sentencing Commission." (Document No. 10, p. 13.)

[3]  The Court further finds that Petitioner does not possess a constitutionally protected interest in

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DISMISS** Petitioner's Petition for Writ of Habeas Corpus by a Person in Federal Custody under 28 U.S.C. § 2241(Document No. 1) and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is

---

placement in a RRC or on home confinement. The Fourth Circuit has specifically stated that "[t]he federal constitution itself vests no liberty interest in inmates retaining or receiving any particular security or custody status '[a]s long as the [challenged] conditions or degree of confinement . . . is within the sentence imposed . . . And is not otherwise violative of the Constitution." *Slezak v. Evatt*, 21 F.3d 590, 594 (4th Cir. 1994), *cert. denied*, 513 U.S. 889, 115 S.Ct. 235, 130 L.Ed.2d 158 (1994); *see also Neals v. Norwood*, 59 F.3d 530, 533 (5th Cir. 1995)(finding that "a prison inmate does not have a protectable liberty or property interest in his custodial classification and an inmate's disagreement with a classification is insufficient to establish a constitutional violation"); *Posey v. Dewalt*, 86 F. Supp.2d 565, 571 (E.D.Va. 1999), *appeal dismissed by*, 215 F.3d 1320 (4th Cir. 2000), *cert. denied*, 531 U.S. 971, 121 S.Ct. 411, 148 L.Ed. 318 (2000)(stating that "[p]ut simply, petitioner has not stated a due process claim because he has no protected liberty interest in a particular classification within BOP"). Neither Section 3621(b) nor Section 3624(c) contain explicit mandatory language or standards limiting the BOP's discretion, which may have given rise to a protected liberty interest in a particular security classification. Title 18, U.S.C. § 3621(b) clearly vests the BOP with broad discretionary authority as to prisoners' placement and classification while incarcerated. *See* 18 U.S.C. § 3621. *See also Trowell v. Beeler*, 135 Fed.Appx. 590, 595 (4th Cir. 2005)(finding that "BOP must exercise its own independent judgment" under Section 3621(b)). The language of Section 3621(b) stating that the "Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability . . . that the Bureau determines to be appropriate and suitable," is clearly permissive; the statute does not *mandate* that the BOP place a prisoner in a certain facility. Furthermore, Title 18 U.S.C. § 3624(c) "does not direct that the BOP must place prisoners in a particular facility, such as a halfway house, to achieve these 'pre-release conditions.' Rather, pursuant to § 3621(b), and subject to the § 3624 limitation periods, the BOP retains discretion to determine whether the pre-release conditions or programs will be provided within a BOP facility or within a community confinement setting." *Bost v. Adams*, 2006 WL 1674485 (S.D.W.Va. Jun 12, 2006)(finding that petitioner "does not possess a statutorily created liberty interest in release to community confinement"); *also see Pennavaria v. Gutierrez*, 2008 WL 619197, * 9 (N.D.W.Va. Mar. 4, 2008)(stating that federal prisoners do not have a protected liberty interest in being placed on home confinement, and the BOP has complete and absolute discretion regarding where a prisoner is to be held in pre-release

9

hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Faber, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

ENTER: January 26, 2017.

Omar J. Aboulhosn
United States Magistrate Judge

confinement).

10